**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| In re: | CHAPTER 11 |
| Beato Auto Sales, Inc., | Case Number 23-10064-BAH |
| Debtor | |

**ORDER ON DEBTOR'S EX PARTE MOTION FOR**
**INTERIM USE OF CASH COLLATERAL**

This Court has before it the Debtor's *Ex Parte* Motion for Interim Use of Cash Collateral dated February 15, 2023 (the "Cash Collateral Motion") filed by the debtor-in-possession, Beato Auto Sales, Inc. (the "Debtor") pursuant to sections 363(c)(2)(B), 105(a), 361, and 362 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 4001-2.

The Cash Collateral Motion requests the following relief:

    a.    Authorization for the Debtor to use cash collateral on a limited interim basis to avoid immediate and irreparable harm pending a final hearing at least 14 days, but not more than 30 days, after the filing of the Cash Collateral Motion;

    b.    Authorizing the Debtor to use cash collateral on a final basis during the period beginning February 18, 2023 through the week beginning May 13, 2023 (the "Use Period") or until the date on which the Court enters an order revoking the Debtor's right to use Cash Collateral; and

    c.    Ordering the Debtor to provide it secured creditors with replacement liens in any cash generated post-petition.

1

Being fully apprised of the premises of and reasons for the Cash Collateral Motion and having determined and found that the record of the proceedings itself establishes good, sufficient and just cause for granting the Cash Collateral Motion.

THE COURT HEREBY FINDS as follows:

A. <u>Petition</u>. On February 13, 2023 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of New Hampshire;

B. The Debtor is continuing to manage its business as debtor in possession pursuant to Section 1107(a) of the Bankruptcy Code;

C. No trustee or examiner has been appointed in the Debtor's case and no official statutory committee has yet been appointed or designated by the U.S. Trustee;

D. The inability to use the relevant cash collateral would force the Debtor to immediately cease business operations thereby causing the termination of its employees and cessation of its business activities and a dramatic reduction in the value of the estate;

E. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M). Venue of the case and Cash Collateral Motion in this Court is proper pursuant to 28 U.S.C §§ 1408 and 1409;

F. Under the circumstances, the notice given by the Debtor of the Cash Collateral Motion constitutes due and sufficient notice thereof on an interim basis and complies with Bankruptcy Rule 4001(b) and LBR 4001-2(b)(c) and (d);

G. As of the Petition Date the Debtor had secured debts totaling $2,068,197 to so-called floor plan lenders and merchant cash lenders;

H.      Debtor has prepared and delivered a copy of the Motion and the budget, attached as Exhibit A to the Cash Collateral Motion and this Order (the "<u>Budget</u>") to all of its secured creditors via email.  The Budget has been thoroughly reviewed by Debtor and its management and bookkeeper and sets forth: (1) projected weekly cash receipts for each week; (2) projected weekly cash disbursements for each week; (3) projected weekly expenses; (4) projected total professional fees, including, without limitation, all of the Debtor's professionals; and (5) projected weekly values of cash collateral.

I.      The relief requested in the Cash Collateral Motion is necessary, essential, and appropriate and is in the best interest of and will benefit the Debtor, its creditors, and its estate as its implementation will provide the Debtor with the necessary liquidity (i) to minimize disruption to the Debtor's business and on-going operations, (ii) preserve and maximize the value of Debtor's estate for the benefit of the Debtor's creditors, and (iii) avoid immediate and irreparable harm to the Debtor, its creditors, its businesses, and its employees;

J.      Sufficient cause exists for immediate entry of this Order pursuant to Bankruptcy Rules 4001(b)(2).  No party appearing in the case has filed or made an objection to the relief sought in the Motion and the entry of this Order, or any objections that were made (to the extent such objections have not been withdrawn) are hereby overruled;

K.      This order is subject to a "winding down" proviso under which the Court reserves the right to enter such further orders as may be necessary regarding the use of cash collateral to provide for payment of any administrative claims for wage and trade creditors who have supplied goods or services to the Debtor during the period of operations under the Order which remain unpaid at the time of termination of authorized cash collateral usage, and which goods or services have created additional collateral for the secured claimant.

  L. The Court finds that the secured creditors' pre-petition liens remain enforceable against the Debtor's post-petition assets to the same extent and amount, if any, they were enforceable pre-petition.

Based on the foregoing and after consideration and good cause:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, as follows:

Section 1. <u>Authorization and Conditions</u>

 1.1 <u>Motion Granted</u>.  The Motion is granted in accordance with Bankruptcy Rule 4001(b)(2) and to the extent provided in this Order. This Order shall hereinafter be referred to as the "<u>Interim Order</u>."  This Interim Order shall authorize use of Cash Collateral until _____,2023.

 1.2 The Debtor is authorized to use cash collateral solely in accordance with the terms, provisions, and conditions of this Interim Order and the Budget during the Use Period. All of the following terms and conditions of this Interim Order, including without limitation the Debtor's covenants memorialized herein, shall constitute adequate protection of secured creditors' interests in cash collateral, whether or not such terms, conditions, and covenants are specifically denominated in the discrete paragraphs of this Interim Order as being granted as adequate protection of such interests, and all such adequate protection granted by this Interim Order shall be without prejudice to the secured creditors' right to seek additional adequate protection from this Court and shall be without prejudice to the Debtor's right to seek to decrease or otherwise modify the adequate protection afforded by the this Interim Order.

Section 2. <u>Adequate Protection</u>

 2.1 Pursuant to sections 361 and 363(e) of the Bankruptcy Code, as adequate protection for any diminution occurring subsequent to the Petition Date in the value of the

4

secured creditors' interests in cash collateral, and to the extent of such diminution (the "Diminution in Value"), including without limitation such diminution as may be caused by the imposition of the automatic stay under section 362(a) of the Bankruptcy Code or the Debtor's use of cash collateral, the secured creditors are hereby granted valid, binding, enforceable and automatically perfected liens (the "Adequate Protection Lien") on all of the Debtor's after acquired cash collateral arising post-petition to the same extent and in the same priority as such lien existed prior to the Petition Date, notwithstanding the provisions of section 552 of the Bankruptcy Code.

  2.2 The secured creditors shall not be required to file UCC financing statements or other instruments with any filing authority to perfect the Adequate Protection Liens or take any other action to perfect the Adequate Protection Liens, which shall be deemed automatically perfected as of the date of the entry of this Interim Order on the docket of this chapter 11 case by the Clerk of this Court.

  2.3 The Adequate Protection Liens shall not be subject to any lien which is avoided, and which would otherwise be preserved for the benefit of the Debtor's estate under section 551 of the Bankruptcy Code, and the Adequate Protection Liens shall encumber and constitute a prior lien to any lien which is avoided, and which would otherwise be so preserved for the benefit of the Debtor's estate.

Section 3. Default; Rights and Remedies.

  3.1 Events of Default.  The occurrence and continuance of any of the following events shall constitute an Event of Default under this Interim Order:

  (a) Reversal, vacation, or material modification of this Order;

  (b) Dismissal of this chapter 11 case, conversion to a case under Chapter 7 of the Bankruptcy Code, or the appointment of Chapter 11 trustee;

  3.2 <u>Rights and Remedies Upon Event of Default</u>.  Upon the occurrence of and during the continuance of an Event of Default the Debtor shall be bound by all restrictions, prohibitions, and other terms as provided in this Interim Order, and the secured creditors shall be entitled to take any act or exercise any right or remedy as provided in this Interim Order.

Section 4. <u>Other Rights and Obligations</u>.

  4.1 The terms and provisions of this Order, the Adequate Protection Liens, and all other rights and claims granted by the Order shall (a) continue in this or any superseding case under the Bankruptcy Code, (b) be valid and binding on all parties in interest, and (c) continue notwithstanding any dismissal of the Debtor's chapter 11 case, and such liens, rights, and claims shall maintain their priority as provided by this Order.

  4.2 <u>Objections Overruled</u>.  All objections to the Cash Collateral Motion on an interim basis are hereby overruled.

  4.3 <u>Reservation of Rights</u>.  Except as otherwise provided in this Order, the respective rights of all parties in interest with respect to the relief requested in the Cash Collateral Motion are hereby preserved.

  4.4 The terms and provisions of this Order shall be (a) effective and immediately enforceable upon its entry by the Clerk of this Court notwithstanding any potential application of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, and (b) shall not be stayed absent (i) an application by a party in interest for such stay in conformance with Bankruptcy Rule 8005 and (ii) a hearing upon proper notice.

Section 5. <u>Final Hearing and Response Dates</u>.

5.1  The Final Hearing on the Motion pursuant to Bankruptcy Rule 4001(b)(2) is scheduled for _____, 2023 at\_\_\_\_ p.m. before this Court.  The Debtor shall promptly mail copies of this Interim Order to the secured creditors, to any other party that has filed a request for notices with this Court, and to the Debtors' twenty (20) largest unsecured creditors.

Any party in interest objecting to the continued use of the Cash Collateral to be determined at the Final Hearing shall serve and file written objections, which objections shall be served upon (a) counsel for the Debtor Peter N. Tamposi, The Tamposi Law Group, 159 Main Street, Nashua, NH 03060, Fax (603) 204-5513, peter@tamposilawgroup.com and the U.S. Trustee; and shall be filed with the Clerk of the United States Bankruptcy Court for the District of New Hampshire to allow actual receipt of the foregoing no later than _____, 2023 at 5:00 p.m..

This Interim Order shall remain in full force and effect as specifically amended or modified at such Final Hearing.


Dated: _____Manchester, New Hampshire


_____
UNITED STATES BANKRUPTCY JUDGE

| 13-Week Cash Forecast | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 13-Weeks Total | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  | 18-Feb | 25-Feb | 4-Mar | 11-Mar | 18-Mar | 25-Mar | 1-Apr | 8-Apr | 15-Apr | 22-Apr | 29-Apr | 6-May | 13-May |  |  |
| Starting Balance | $50,000 | $50,050 | $50,100 | $50,150 | $50,200 | $50,250 | $50,300 | $51,105 | $51,911 | $52,716 | $53,520 | $52,716 | $53,521 | $50,000 |  |
| Total Income | $215,000 | $215,000 | $215,000 | $215,000 | $215,000 | $215,000 | $215,000 | $215,000 | $215,000 | $215,000 | $215,000 | $215,000 | $215,000 | $2,795,000 |  |
| Total Expenses | $214,950 | $214,950 | $214,950 | $214,950 | $214,950 | $214,950 | $214,195 | $214,195 | $214,195 | $214,196 | $214,197 | $214,195 | $213,945 | $2,788,817 |  |
| Net Cash Flow | $50 | $50 | $50 | $50 | $50 | $50 | $805 | $805 | $805 | $804 | $803 | $805 | $1,055 | $6,183 |  |
| Projected End Balance | $50,050 | $50,100 | $50,150 | $50,200 | $50,250 | $50,300 | $51,105 | $51,911 | $52,716 | $53,520 | $54,323 | $53,521 | $54,576 | $56,183 | Forecasted cash balance after 13 weeks |
| **INCOME** |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| Gross Receipts (Carl Sales) | $195,000 | $195,000 | $195,000 | $195,000 | $195,000 | $195,000 | $195,000 | $195,000 | $195,000 | $195,000 | $195,000 | $195,000 | $195,000 | $2,535,000 |  |
| Service Revenue | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $260,000 |  |
| **TOTAL** | $215,000 | $215,000 | $215,000 | $215,000 | $215,000 | $215,000 | $215,000 | $215,000 | $215,000 | $215,000 | $215,000 | $215,000 | $215,000 | $2,795,000 |  |
| **COST OF GOODS SOLD** |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| Inventory Cost | $156,680 | $156,680 | $156,680 | $156,680 | $156,680 | $156,680 | $156,680 | $156,680 | $156,680 | $156,680 | $156,680 | $156,680 | $156,680 | $2,036,840 |  |
| Cost of Labor | $18,000 | $18,000 | $18,000 | $18,000 | $18,000 | $18,000 | $18,000 | $18,000 | $18,000 | $18,000 | $18,000 | $18,000 | $18,000 | $234,000 |  |
| Other Vehicle Exp. | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $260,000 |  |
| **TOTAL COGS** | $194,680 | $194,680 | $194,680 | $194,680 | $194,680 | $194,680 | $194,680 | $194,680 | $194,680 | $194,680 | $194,680 | $194,680 | $194,680 | $2,530,840 |  |
| **EXPENSES** |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| Accounting | $250 | $250 | $250 | $250 | $250 | $250 | $250 | $250 | $250 | $250 | $250 | $250 | $250 | $3,250 |  |
| Legal Fees | $750 | $750 | $750 | $750 | $750 | $750 | $750 | $750 | $750 | $751 | $752 | $750 | $750 | $9,753 |  |
| Advertising & Marketing | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $32,500 |  |
| Auto Transport | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $45,500 |  |
| Bank & Merchant Fees | $80 | $80 | $80 | $80 | $80 | $80 | $80 | $80 | $80 | $80 | $80 | $80 | $80 | $1,040 |  |
| Dues & subscriptions | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $15,600 |  |
| Insurance | $700 | $700 | $700 | $700 | $700 | $700 | $700 | $700 | $700 | $700 | $700 | $700 | $700 | $9,100 |  |
| Maintenance | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $13,000 |  |
| Meals and Entertainment | $200 | $200 | $200 | $200 | $200 | $200 | $200 | $200 | $200 | $200 | $200 | $200 | $200 | $2,600 |  |
| Office Supplies | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $13,000 |  |
| Other Business Expenses | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $13,000 |  |
| Phone Expenses | $150 | $150 | $150 | $150 | $150 | $150 | $150 | $150 | $150 | $150 | $150 | $150 | $150 | $1,950 |  |
| Professional Services | $375 | $375 | $375 | $375 | $375 | $375 | $375 | $375 | $375 | $375 | $375 | $375 | $375 | $4,875 |  |
| Rent & Lease | $5,400 | $5,400 | $5,400 | $5,400 | $5,400 | $5,400 | $5,400 | $5,400 | $5,400 | $5,400 | $5,400 | $5,400 | $5,400 | $70,200 |  |
| Shipping Expenses | $70 | $70 | $70 | $70 | $70 | $70 | $70 | $70 | $70 | $70 | $70 | $70 | $70 | $910 |  |
| Taxes & Licenses | $325 | $325 | $325 | $325 | $325 | $325 | $325 | $325 | $325 | $325 | $325 | $325 | $325 | $4,225 |  |
| Trash Removal | $125 | $125 | $125 | $125 | $125 | $125 | $125 | $125 | $125 | $125 | $125 | $125 | $125 | $1,625 |  |
| Utilities | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $6,500 |  |
| Travel | $140 | $140 | $140 | $140 | $140 | $140 | $140 | $140 | $140 | $140 | $140 | $140 | $140 | $1,819 |  |
| Accrual: Trustee | 250 | $250 | $250 | $250 | $250 | $250 | $250 | $250 | $250 | $250 | $250 | $250 | $250 | $3,000 |  |
| Accrual: Utilities | 755 | $755 | $755 | $755 | $755 | $755 |  |  |  |  |  |  |  | $4,530 |  |
| **TOTAL OPEX** | $20,269.93 | $20,269.93 | $20,269.93 | $20,269.93 | $20,269.93 | $20,269.93 | $19,514.93 | $19,514.93 | $19,514.93 | $19,515.93 | $19,516.93 | $19,514.93 | $19,264.93 | $257,977.11 |  |
| **NET CASH FLOW** | $50 | $50 | $50 | $50 | $50 | $50 | $805 | $805 | $805 | $804 | $803 | $805 | $1,055 |  |  |

2/15/2023